Tammy McCOY, Plaintiff–Appellant,

v.

**GENERAL MOTORS CORPORATION,**
Defendant–Appellee.

No. 98–5310.

United States Court of Appeals,
Sixth Circuit.

Argued March 11, 1999.

Decided March 29, 1999.*

Ned B. Pillersdorf (argued and briefed), Pillersdorf, DeRossett & Barrett, Prestonsburg, KY, for Plaintiff–Appellant.

Donald H. Combs (briefed), Combs & Combs, Pikeville, KY, Daniel R. Freytag, Michael H. Carpenter (briefed), Timothy R. Bricker (argued and briefed), Zeiger & Carpenter, Columbus, Ohio, for Defendant–Appellee.

Before: MERRITT, KENNEDY, and JONES, Circuit Judges.

## OPINION

MERRITT, Circuit Judge.

This is a breach of warranty suit brought by plaintiff McCoy against defendant General Motors Corporation. In October 1995, McCoy purchased a 1995 Chevrolet Camaro, a car manufactured by GM. The car had an air bag and the car's owner's manual stated the following:

When should an air bag inflate?

The air bag is designed to inflate *in moderate to severe frontal or near-frontal crashes*. The air bag will inflate only if the impact speed is above the system's designed "threshold." If your vehicle goes straight into a wall that doesn't move or deform, the threshold level is about 9 to 15 mph (14 to 24 km/h). *The threshold level can vary,* however, with specific vehicle design, so that it can be somewhat about or below this range. If your vehicle strikes something that will move or deform, such as a parked car, the threshold level will be higher. The air bag is not designed to inflate in rollovers, side impacts, or rear impacts, because inflation would not help the occupant. (Emphasis added.)

The warranty requires that there be a "frontal or near-frontal crash." On February 10, 1996, McCoy contends that she lost control of her Camaro and had a head-on collision with a hillside in Pike County, Kentucky. The air bag in McCoy's car did not inflate in this collision. She alleges this to be a breach of the warranty. The district court granted summary judgment for the defendant. For the following rea-

---

* This decision was originally issued as an "unpublished decision" filed on March 29, 1999. On June 1, 1999, the court designated the opinion as one recommended for full-text publication.

sons, we **AFFIRM** the judgment of the district court.

The post-accident photographs show that there was no head-on impact. These photographs show no damage to the front of McCoy's car. The weakness of the plaintiff's expert testimony also justifies the grant of summary judgment for the defendant. The plaintiff's own expert, James Casassa, testified that given the dimensions of a Camaro and given Ms. McCoy's testimony that her face struck the steering wheel, the angle of impact with the hillside was 27 degrees or less. Casassa assumed the vehicle sustained suspension and frame damage and testified that it must have impacted the hillside at a speed of somewhere between 10 to 20 miles per hour. Based on these conclusions and given the information in the Camaro's owner's manual, Casassa testified that the air bag should have deployed. But he admits that given his conclusions about the speed of the vehicle and the angle of impact, the proper way to determine the air bag deployment threshold for the 1995 Camaro was to calculate the magnitude of the force acting straight down the center line of the vehicle. He concedes that he never made this calculation.

In a head-on collision into a wall that doesn't deform, the threshold level for Camaro airbag deployment is between 9 to 15 miles per hour. As the angle of the line of direction of force that acts on the vehicle increases away from zero, the threshold deployment speed increases. Thus, since Casassa testified that the vehicle was traveling between 10 and 20 miles per hour and that the angle of impact was 27 degrees or less, Casassa's testimony is as consistent with non-deployment of the air bag as it is with deployment of the air bag. Under these circumstances, the district judge was correct in describing Casassa's testimony that the airbag should have deployed as "speculative and conclusory." *See, Cincinnati Bell Tel. Co. v. Allnet Comm. Svcs., Inc.,* 17 F.3d 921, 923 (6th Cir.1994) (citation omitted) ("Conclusory allegations are not sufficient to withstand a motion for summary judgment."). Since McCoy has produced no credible evidence that the air bag should have deployed, she has not succeeded in creating a genuine issue of material fact regarding her breach of warranty claim.

Accordingly, the judgment of the district court is affirmed.